UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE HARRIS ) | |
| ) | Case Number |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| NATIONAL ASSET RECOVERY ) | |
| SERVICES, INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiff, Dwayne Harris, by and through his undersigned counsel, Brent F. Vullings, Esq. of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I.   **INTRODUCTORY STATEMENT**

1.   Plaintiff, Dwayne Harris (hereinafter "Plaintiff"), an individual consumer, brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Defendant transacts business here and maintains a registered office in this District.

## III. PARTIES

4. Plaintiff, Dwayne Harris ("Plaintiff") is an adult natural person residing at 2155 Madison Avenue, Apartment 2F, New York, NY 10037.

5. Defendant, National Asset Recovery Services, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of New York and the Commonwealth of Pennsylvania with its principal place of business located at 16253 Swingley Ridge Road, Suite 300, Chesterfield, MO 63017 and a registered office located at 2704 Commerce Drive, Harrisburg, PA 17110.

6. Defendant is engaged in the collection of debts from consumers using the mail and phone. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C.§1692a(6).

## IV. FACTUAL ALLEGATIONS

7. In or around June 2008, Plaintiff began to receive a series of harassing calls

from Defendant at his home with regard to collection of a debt allegedly owed to Town Sports International for New York Sport Club membership dues.

8. Plaintiff explained to Defendant's agents that the alleged debt was disputed.

9. New York Sports Club's employee, Christopher Gill agreed to a two (2) year contract with Plaintiff at $567.00 per year.

10. Town Sports International disagreed with the arrangement and fired Mr. Gill but refused to allow Plaintiff out of the contract and insisted on a higher yearly payment.

11. Plaintiff therefore, considered the contract null and void.

12. Plaintiff did not use the gym membership.

13. Plaintiff requested that Defendant cease calling him with regard to the alleged debt.

14. Defendant, by and through its agents, continued to call Plaintiff at his home almost everyday, sometimes multiple times per day.

15. On or about July 12, 2008, Defendant sent Plaintiff his first collection notice, which was more than 5 days after the initial contact.  See collection notice appended hereto and marked "**EXHIBIT A**".

16. Plaintiff responded on or about July 14, 2008 to "**EXHIBIT A**" with a letter disputing the alleged debt and specifically detailed the reasons for the dispute.  See Plaintiff's letter appended hereto and marked "**EXHIBIT B**".

17. On or about August 8, 2008, Defendant sent Plaintiff another collection notice stating, "We know you are aware of the past due balance on your account." Defendant proceeded to offer Plaintiff a settlement amount. See collection notice appended hereto and marked "**EXHIBIT C**".

18. Additionally, in or around November 2008, Defendant's agents began to call Plaintiff at work and on his cell phone almost everyday, sometimes multiple times per day.

19. Plaintiff has informed Defendant's agents that he is not able to receive such calls at work and requested that Defendant cease leaving messages on his work voicemail.

20. Defendant's agents continue to call Plaintiff at work and on his cell phone to the present time despite never having provided Plaintiff with validation of the alleged debt or any other type of resolution to his dispute.

21. Defendant actions, as stated in paragraphs 7-19, were intentionally harassing and abusive and cause the Plaintiff a great deal of emotional distress and frustration.

22. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

23. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

26. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and he will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

### **COUNT ONE – FDCPA**

27. The above paragraphs are hereby incorporated herein by reference.

28. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), c(a)(3), c(c), d, d(5), d(6), e, e(2), e(10), e(11), f, f(1) and g(b).

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, National Asset Recovery Services, Inc., and Order the following relief:

a. Declaratory judgment that the Defendant's conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. §1692k;

d. Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

### V.   JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:   August 19, 2009     BY: **/s/Brent F. Vullings**
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff